# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JAMES EARL THOMPSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No: 07-01848 (RMU)** |
| | ) | |
| **EXECUTIVE OFFICE FOR** | ) | |
| **THE UNITED STATES ATTORNEYS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION FOR SUMMARY JUDGMENT

Defendant respectfully requests summary judgment in its favor, pursuant to Federal Rule of Civil Procedure 56 and Local Rules 7(h) and 56.1, on the ground that no genuine issue of material fact exists and Defendant is entitled to judgment as a matter of law.

In support of this motion, Defendant refers the Court to the attached Statement of Material Facts Not in Genuine Dispute, the Memorandum of Points and Authorities, Declarations of Karen M. Finnegan and Cindy Thomas (attached hereto as Exhibit I and II, respectively) and the accompanying Exhibits.[1]

A proposed Order is attached hereto.[2]

---

[1]In accordance with this Courts Standing Order (posted December 28, 2007) Defendant is delivering to the Court a courtesy copy of this Motion and the accompanying documents.

[2]Plaintiff, is hereby advised that failure to respond to this motion may result in the district court granting the motion.  See Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988).  Plaintiff should also take notice that any factual assertions contained in the affidavits and other attachments in support of Defendants' motion will be accepted by the Court as true unless the Plaintiff submits his own affidavits or other documentary evidence contradicting the assertions in the Defendant's attachments.  See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992).

Dated: June 6, 2008.                    Respectfully  submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


_____/s/_____
CINDY S. OWENS, D.C. BAR # 491465
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-616-2257/ FAX 202-514-8780

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JAMES EARL THOMPSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No: 07-01848 (RMU)** |
| | ) | |
| **EXECUTIVE OFFICE FOR** | ) | |
| **THE UNITED STATES ATTORNEYS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
|  | ) | |

## DEFENDANT'S STATEMENT OF MATERIAL FACTS
## NOT IN GENUINE DISPUTE

Pursuant to Local Rules 7(h) and 56.1, Defendant submits the following Statement of Material Facts Not in Genuine Dispute:

1.      By letter dated February 10, 2005, Plaintiff requested access to records pertaining to himself.  Plaintiff specifically stated:

> [t]he records sought but not limited to, is the compiled information containing reports/and or records on carrying a pistole [sic] without a license: In reference to the case of Thompson v. United States Case No.-F-3103-96 (myself).

(Finnegan Decl. ¶ 7, Exhibit ("Exh.") A).[3]

2.      By letter dated March 25, 2005, EOUSA acknowledged receipt of this request and advised Plaintiff that his request had been assigned number 05-629.  (Finnegan Decl. ¶ 8, Exh. B).

3.      By letter dated April 3, 2005, Plaintiff filed what he entitled a "Privacy Act

---

[3]Citations in the form "(Finnegan Decl. ¶ __)" refer to the June 6, 2008 Declaration of Karen M. Finnegan, which is attached hereto as Exhibit I.

Appeal" with the U.S. Department of Justice, Office of Information and Privacy ("OIP") in

which he narrowed the scope of his request to the following:

> 1.) The sentencing transcripts following the trial, dated 12/17/96.  2.) The
> transcripts of the grand jury testimony and police statements of Andre Wright, an
> exculpatory witness in the case.

(Finnegan Decl. ¶ 9, Exh. C).

    4.      In a letter dated August 1, 2005, OIP advised Plaintiff that it had forwarded his

appeal letter to EOUSA because is was directed solely towards revising the scope of his initial

request.  (Finnegan Decl. ¶ 11, Exh. E).

    5.      By letter dated April 28, 2006, EOUSA advised Plaintiff that a search for records

located in the United States Attorney's Office for the District of Columbia ("USAO DDC")

failed to locate any responsive records.  (Finnegan Decl. ¶ 12, Exh. F).

    6.      EOUSA advised Plaintiff by letter dated May 15, 2008, that upon receipt of his

Complaint, the USAO DDC conducted a second search for records responsive to his narrowed

request and located a 41-page grand jury transcript dated May 16, 1996, and one 3-page grand

jury exhibit, which consisted of a statement from Andre Wright.  EOUSA advised that these

documents were exempt from disclosure pursuant to FOIA Exemption 3, Federal Rules of

Criminal Procedure ("FRCP") 6(e), and FOIA Exemption 7(C).  They also advised him that

although his request was the subject of pending litigation, he could file an administrative appeal

with OIP.   Finally, EOUSA advised Plaintiff that the second search did not locate a sentencing

transcript dated 12/17/96.  (Finnegan Decl. ¶ 13, Exh. G).

    7.      Upon receipt of Mr. Thompson's FOIA/PA request, the USAO DDC conducted a

systematic search to determine the location of any and all files relating to him.  The Superior

Court for the District of Columbia has a computerized docketing/case management system known as the Replicated Criminal Information System (RCIS). RCIS was replicated by the USAO for the District of Columbia to track cases or matters for USAO's Superior Court Division. The RCIS system is the current computerized record tracking system that is available and used by the Superior Court Division for the District of Columbia. The RCIS system allows the user to search Superior Court Division matters by specific names. In this case, RCIS was used to determine all possible locations of files responsive to Plaintiff's request. In searching the RCIS database for retrieval of information the defendant's name ("James E. Thompson") and the district court case number ("F 3103-96") were used as search terms. After completing the computer search to determine all possible records locations, the FOIA contact also searched the Federal Records Center Closed Files (also known as the "Closed Files Information Tracking System" or "CFITS") to identify any responsive files. As a result of this initial search for records, the USAO DDC failed to locate responsive records. (Finnegan Decl. ¶ 14).

       8.      Upon receipt of Mr. Thompson's Complaint, the USAO DDC conducted a second search to locate records responsive to his request as modified by using the RCIS and CFITS database and the defendant's name ("James E. Thompson") and the district court case number ("F 3103-96") as search terms. As a result of this second search, the USAO's Criminal Appeals Section located Mr. Thompson's criminal prosecution file, which contained a responsive grand jury transcript and a grand jury exhibit. (Finnegan Decl. ¶ 15, Thomas Decl. ¶ 7).[4]

---

[4]Citations in the form "(Thomas Decl. ¶ ___)" refer to the June 5, 2008 Declaration of Cindy Thomas, which is attached hereto as Exhibit II.

9.     The USAO DDC failed to locate a sentencing transcript dated 12/17/96, or any sentencing transcript, as a result of the first or second search for responsive records.  (Finnegan Decl. ¶ 16, Thomas Decl. ¶ 8).

10.     EOUSA withheld certain records pursuant to FRCP 6(e) and Exemption 3 because release of grand jury transcripts of testimony and a grand jury exhibit would reveal the scope and direction of the grand jury investigation by providing the identities of the targets of the investigation, and the actual evidence produced before the grand jury.  Release of this information would provide the requester with the scope of the grand jury's investigation by setting forth where the government sought to find evidence to develop its case, how the government developed its case, and who the government relied upon to develop the elements of crimes.  (Finnegan Decl. ¶ 19).

11.     In each instance where information was withheld, it was determined that individual privacy interests were not outweighed by any public interest in disclosure.  To reveal the details of a third party's statement in the context of a murder investigation could reasonably be expected to cause undue public attention to be focused on this individual, and could carry a strong negative connotation; and therefore, would constitute an unwarranted invasion of personal privacy.  (Finnegan Decl. ¶ 22).

12.     EOUSA considered the passage of time and its effect on the privacy interests of any third parties in balancing the privacy and the public interests.  It was determined that the privacy interests are as strong and pertinent now as when the records were created in 1996, and that there is no public interest in these records which would outweigh the privacy interests of any third parties.  (Finnegan Decl. ¶ 23).

13.    Information provided by private citizens during an interview reflects some of the most productive investigative tools utilized by law enforcement agencies.  The largest roadblock in successfully obtaining the desired information through an interview is the fear by the interviewee of being harassed, intimidated or threatened with legal or economic reprisal, or possible physical harm.  The government's continued access to private citizens who are willing to provide pertinent facts in a particular investigation outweighs any benefit to be derived from releasing the detailed investigative information provided.   (Finnegan Decl. ¶ 24).

Dated: June 6, 2008.                      Respectfully  submitted,

                                          _____
                                                        /s/
                                          JEFFREY A. TAYLOR, D.C. BAR # 498610
                                          United States Attorney


                                          _____
                                                        /s/
                                          RUDOLPH CONTRERAS, D.C. BAR #  434122
                                          Assistant United States Attorney


                                          _____
                                                        /s/
                                          CINDY S. OWENS , D.C. BAR # 491465
                                          Special Assistant United States Attorney
                                          United States Attorney's Office
                                          555 4th Street, N.W.
                                          Washington, D.C. 20530
                                          202-616-2257/ FAX 202-514-8780

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **JAMES EARL THOMPSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | )     **Case No: 07-01848 (RMU)** |
| | ) |
| **EXECUTIVE OFFICE FOR** | ) |
| **THE UNITED STATES ATTORNEYS,** | ) |
| | ) |
| **Defendant.** | ) |
_____)


**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**
**OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**I.     Introduction.**

Plaintiff, James Earl Thompson, files this case under the Freedom of Information Act

("FOIA") seeking information pertaining to the case of <u>Thompson v. United States</u>, Case

No.-F-3103-96.  In response, Defendant searched and found a total of 44 pages of responsive

records.  Defendant, however, withheld those records in their entirety pursuant to FOIA

Exemptions (b)(3) (in conjunction with the Federal Rules of Criminal Procedure 6(e)) and

(b)(7)(C).

As explained below, Defendant properly invoked these FOIA exemptions to withhold

the documents because the records are protected by the Federal Rule of Criminal Procedure 6(e)

that regulates the disclosure of matters before a grand jury, and because there is no public

interest in disclosure that outweighs the third parties' privacy interests in this information.

Accordingly, the Court should grant summary judgment in Defendant's favor and dismiss this

case with prejudice.

## II.    Factual Background.

The chronological factual background is fully set forth in Defendant's Statement of Material Facts Not in Genuine Dispute.

## III.    Summary Judgment Standard.

Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. Id. at 247. "The burden on the moving party may be discharged by 'showing' – that is, point out to the [Court] – that there is an absence of evidence to support the non-moving party's case." Sweats Fashions, Inc., v. Pannill Knitting Co., Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment here, the Plaintiffs (as the non-moving party) must present some objective evidence that would enable the Court to find it is entitled to relief. In Celotex Corp. v. Catrett, the Supreme court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. 477 U.S. 317, 322-23 (1986). In Anderson the Supreme Court further explained that "the mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff." Anderson, 477 U.S. at 252; see also

Laningham v. Navy, 813 F. 2d 1236, 1242 (D.C. cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor).

In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 447 U.S. at 327 (quoting Fed. R. Civ. P. 1).

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment.  See Cappibianca v. Commissioner, U.S. Customs Serv., 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing Mscavige v. IRS, 2 F.3rd 366, 368 (11th Cir. 1993)).  In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, not withheld, is unidentifiable, or is exempt from disclosure.   Hayden v. NSA, 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology v. U.S. Dept. Of Army, 611 F.2d 738, 742 (9th Cir. 1980); Trans Union LLC v. FTC, 141 F. Supp. 2d 62, 67 (D.D.C. 2001) (summary judgment in FOIA cases may be awarded solely on the basis of agency affidavits "when the affidavits describe 'the documents and the justifications for non-disclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'") (quoting Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981)).  see also Public Citizen, Inc. v. Dept. of State, 100 F. Supp. 2d 10, 16 (D.D.C.

2000), aff'd in part, rev'd in part, 276 F.3d 634 (D.C. Cir. 2002).

The declarations or affidavits submitted in FOIA cases are often referred to as a Vaughn index, after the case Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert denied, 415 U.S. 977, 94 S. Ct. 1564 (1974).  There is no set formula for a Vaughn index.  "[I]t is well established that the critical elements of the Vaughn index lie in its function, and not in its form."  "The materials provided by the agency may take any form so long as they give the reviewing court a reasonable basis to evaluate the claim of privilege."  Delany, Midgail & Young, chartered v. IRS, 826 F.2d 124, 128 (D.C. Cir. 1987); see also Keys v. United States Dept. of Justice, 830 F.2d 337, 349 (D.C. Cir. 1987).  When the pleadings, supplemented by the affidavits, declarations or Vaughn Index show no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law, summary judgment should be granted to the defendant.  Perry v. Block, 684 F.2d 121 (D.C. Cir. 1982).[5]

## IV.    Argument.

### A.    Adequacy of the Search.

Although Plaintiff does not challenge the adequacy of EOUSA's search in this case (Plaintiff's Complaint, Oct. 15, 2007), Defendant, as set forth below, conducted a search that was reasonably calculated to uncover all responsive records.

This Court has cogently set forth the legal standard for an agency's search for responsive records:

[a]n agency must respond to FOIA requests by conducting an adequate search. In

_____

[5]In this case, Defendant has presented the Karen M. Finnegan and Cindy Thomas Declarations, both of which set forth the specific details and information required by Vaughn v. Rosen, 484 F. 2d 820 (D.C. Cir. 1973).

reviewing a plaintiff's claim challenging the adequacy of an agency's search, courts employ a standard of reasonableness taking into account the particular circumstances of the case. Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir.1990); Kronberg v. DOJ, 875 F.Supp. 861, 869 (D.D.C.1995). In the courts' application of this reasonableness standard, it is well established that the determinative question is whether the search conducted by the agency was "reasonably calculated to uncover all relevant documents," Weisberg v. DOJ, 705 F.2d 1344, 1351 (D.C.Cir.1983), not whether additional responsive documents may exist. Steinberg v. DOJ, 23 F.3d 548, 551 (D.C.Cir.1994) (internal citations omitted); Summers v. DOJ, 934 F.Supp. 458, 460-61 (D.D.C.1996). Even where a requester submits subsequent clarifying requests and the government conducts additional searches in response to those requests, the government must still demonstrate "beyond a material doubt" that the search was reasonable. Truitt, 897 F.2d at 542-45 (internal citations omitted); Campbell v. DOJ, 1996 WL 554511 (D.D.C.1996).

A defendant agency can withstand a challenge to its search by demonstrating that it made a "good faith effort" and that the search was "reasonably expected to produce the information requested." Oglesby, 920 F.2d 57, 68 (D.C.Cir.1990). There is no requirement that an agency search every record system, Truitt, 897 F.2d at 542-45 (D.C.Cir.1990), nor that a search be perfect. Meeropol v. Meese, 790 F.2d 942, 956 (1986). In order for a district court to determine the adequacy of a search at the summary judgment phase, however, the agency must provide affidavits that "[set] forth the search terms and the type of search performed, and [aver] that all files likely to contain responsive materials (if such records exist) were searched." Oglesby v. DOJ, 920 F.2d at 68; see Nation Magazine v. United States Customs Serv., 71 F.3d 885, 890 (D.C.Cir.1995), remanded, 937 F.Supp. 39 (D.D.C.1996).

Code v. F.B.I., 1997 WL 150070, *2 (D.D.C. 1997) (Urbina J.).

In this case, EOUSA searched two (2) systems twice, the Replicated Criminal Information System (RCIS) and the Federal Records Center Closed Files (also known as the "Closed Files Information Tracking System" or "CFITS"). (Finnegan Decl. ¶¶ 14-15, Thomas Decl. ¶ 7).

The Superior Court for the District of Columbia has a computerized docketing/case management system known as the RCIS. (Finnegan Decl. ¶ 14). RCIS was replicated by the USAO for the District of Columbia to track cases or matters for

USAO's Superior Court Division.  Id.  The RCIS system is the current computerized

record tracking system that is available and used by the Superior Court Division for the

District of Columbia.  Id.  The  RCIS system allows the user to search Superior Court

Division matters by specific names.  In this case, RCIS was used to determine all possible

locations of files responsive to Plaintiff's request.  Id.  In searching the RCIS database for

retrieval of information the defendant's name ("James E. Thompson") and the district

court case number ("F 3103-96") were used as search terms.  Id.  After completing the

computer search to determine all possible records locations, the FOIA contact also

searched the Federal Records Center Closed Files (also known as the "Closed Files

Information Tracking System" or "CFITS") to identify any responsive files.  Id.  As a

result of this initial search for records, the USAO DDC failed to locate responsive

records.

     After Plaintiff filed his Complaint, USAO DDC conducted a second search and

searched both the RCIS and the CFITS again for responsive records to Plaintiff's

modified request.  (Finnegan Decl. ¶ 15, Thomas Decl. ¶ 7).  As a result of the second

search, Plaintiff's trial file was located.  (Thomas Decl. ¶ 7).  Responsive records located

in the trial file included one 41-page grand jury transcript dated May 16, 1996, and one 3-

page grand jury exhibit, which consisted of a statement from Andre Wright. (Finnegan

Decl. ¶ 12).

     Both of these systems, RCIS and CFITS  were the places most likely to possess

records regarding Plaintiff's request for the sentencing transcripts following the trial,

dated 12/17/96 and, the transcripts of the grand jury testimony and police statements of

Andre Wright, an exculpatory witness in the case.  The two (2) systems make up the case

management tracking systems for the D.C. Superior Court Division of the USAO and

were the places most likely to have information about Plaintiff's trial, the requested

sentencing transcripts and the grand jury testimony and police statements.  (See Finnegan

Decl. ¶¶ 14-15).  Therefore, Defendant has fulfilled its obligation to search for responsive

records.

       **B.**     **Exemption (b)(3)**

FOIA Exemption (b)(3) allows for the withholding of information barred from

release by another statute if the statute "establishes particular criteria for withholding or

refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3)(B); Flores v.

Executive Office for United States Attorneys Freedom of Info./Privacy Act Unit, 121

F.Supp.2d 14, 16 (D.D.C.2000) (Urbina, J.)**.**

In the Flores case, Plaintiff brought an action against EOUSA requesting access to

grand jury information, Plaintiff in this case is also seeking grand jury information,

specifically, the transcripts of the grand jury testimony and police statements of Andre

Wright.[6]  (Finnegan Decl. ¶ 9, Exhibit C).

In Flores this Court held that because Federal Rule of Criminal Procedure

("FRCP") 6(e) provides that grand jury material shall be secret, the defendant was able to

properly withhold the grand jury materials from the public.  121 F. Supp. 2d at 16

(D.D.C. 2000) (Urbina, J.).  This Court concluded that FRCP 6(e) qualifies as a statute

---

[6]Plaintiff also seeks the sentencing transcripts however, after conducting two thorough
searches, no sentencing transcripts were located.  (See Finnegan Decl. ¶ 13).

because it was enacted by Congress.  <u>Id</u>.

The U.S. Court of Appeals for the District of Columbia has clearly articulated what should be considered when determining whether grand jury information is covered by FRCP 6(e).

> There is no per se rule against disclosure of any and all information which has reached the grand jury chambers . . .the touchstone is whether disclosure would "tend to reveal some secret aspect of the grand jury's investigation" such matters as " 'the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like.' "

<u>Senate of P.R. v. United States Dep't of Justice</u>, 823 F.2d 574, 582 (D.C. Cir. 1987) (citations omitted) .  And, here, as in <u>Flores</u>, "there are perhaps no records more likely to reveal the "inner workings" of a grand jury than transcripts of grand jury testimony, which provide a precise accounting of events that occur before the grand jury."  <u>Flores</u>, 121 F. Supp. 2d at 16 (D.D.C. 2000) (Urbina, J.).

Release of the grand jury transcript and the grand jury exhibit would reveal the scope and direction of the grand jury investigation by providing identities of the targets of the investigation and reveal the evidence produced before the grand jury.  (Finnegan Decl. ¶ 20).  Release of this information would provide the requester with the scope of the grand jury's investigation by setting forth where the government sought to find evidence to develop its case, how the government developed its case, and who the government relied upon to develop the elements of the crime.  <u>Id</u>.  Thus, in this case, and as in <u>Flores</u>, Defendant is properly withholding the grand jury transcript and the grand jury exhibit under FOIA Exemption (b)(3) in conjunction with FRCP 6(e).

C.    **Exemption (b)(7)(C)**.

Section 552(b)(7)(C) of Title 5 of the U.S. Code exempts from disclosure:

> records or information compiled for law enforcement purposes, but only to
> the extent that the production of such law enforcement records or
> information . . . could reasonably be expected to constitute an unwarranted
> invasion of personal privacy.

In <u>Ruston v. Bureau of Alcohol, Tobacco, Firearms and Explosives</u>, 2007 WL 666568, *2
(D.D.C. 2007) (Urbina, J.), this Court clearly stated that:

> [i]n determining whether this exemption applies to particular material, the
> court must balance the interest in privacy of the individual mentioned in
> the record against the public's interest in disclosure. <u>Beck v. Dep't of
> Justice</u>, 997 F.2d 1489, 1491 (D.C. Cir.1993). It is the "interest of the
> general public, and not that of the private litigant," that the court considers
> in this analysis. <u>Brown v. Fed. Bureau of Investigation</u>, 658 F.2d 71, 75
> (2d Cir.1981) (citing <u>Ditlow v. Shultz</u>, 517 F.2d 166, 171-72 (D.C.
> Cir.1975)). "[T]he only public interest relevant for purposes of Exemption
> 7(C) is one that focuses on 'the citizens' right to be informed about what
> their government is up to.' " <u>Davis v. United States Dep't of Justice</u>, 968
> F.2d 1276, 1282 (D.C.Cir.1992) (quoting <u>Dep't of Justice v. Reporters
> Comm. for Freedom of the Press</u>, 489 U.S. 749, 773 (1989)).

Here, the 3-page grand jury exhibit is also being withheld under FOIA Exemption

(b)(7)(C).  (Decl. Finnegan ¶ 21). The exhibit was compiled during the criminal

investigation of Mr. Thompson for his involvement in the murder of Chanel Howell; and

therefore, was compiled for law enforcement purposes.  <u>Id</u>.  To determine whether to

withhold the exhibit under (b)(7)(C), EOUSA determined that the individual privacy

interest was not outweighed by any public interest in disclosure.  (Decl. Finnegan ¶ 22).

To reveal the details of a third party's statement in the context of a murder investigation

could reasonably be expected to cause undue public attention to be focused on this

individual, and could carry a strong negative connotation; and therefore, would constitute

an unwarranted invasion of personal privacy.  Id.

Furthermore, at the time the record was reviewed, EOUSA considered the passage of time and its effect on the privacy interests of any third parties.  (Decl. Finnegan ¶ 23). It was determined that the privacy interests are as strong and pertinent now as when the records were created in 1996.  Id.  Plaintiff has presented no public interest in disclosure that would outweigh the privacy interests of any third parties.  (See generally Plaintiff's Compl.).  Information provided by private citizens during an interview reflects some of the most productive investigative tools utilized by law enforcement agencies.  (Decl. Finnegan ¶ 24).  The largest roadblock in successfully obtaining the desired information through an interview is the fear by the interviewee of being harassed, intimidated or threatened with legal or economic reprisal, or possible physical harm.  Id.  The government's continued access to private citizens who are willing to provide pertinent facts in a particular investigation outweighs any benefit to be derived from releasing the detailed investigative information provided.  Id.  Based on these reasons, Defendant properly withheld the grand jury exhibit requested by the Plaintiff.

**D. Segregability**

The FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such a record after deletion of the portions which are exempt."  See Billington v. U.S. Dept. of Justice, 233 F.3d 586 (D.C. Cir. 2000).

In the instant case, each page was evaluated to determine if any information could be segregated and released.  (See Finnegan Decl. ¶ 25).  The 44 pages withheld in the entirety contained no meaningful portions that could be released without destroying the

integrity of the document or without revealing the substance of grand jury matters.

Therefore, Defendant was justified in withholding the 44 pages in their entirety.

## V.    Conclusion

For the foregoing reasons, the Court should find that Defendant conducted an

adequate searched for records responsive to Plaintiff's FOIA request; that Defendant

properly withheld 44 pages of records in their entirety pursuant to FOIA Exemptions

(b)(3) (in conjunction with FRCP 6(e)) and (b)(7)(C).  On these bases, the Court should

grant summary judgment in Defendant's favor and dismiss this case with prejudice.


Dated: June 6, 2008.                    Respectfully  submitted,


                                        _____/s/_____
                                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                                        United States Attorney


                                        _____/s/_____
                                        RUDOLPH CONTRERAS, D.C. BAR #  434122
                                        Assistant United States Attorney


                                        _____/s/_____
                                        CINDY S. OWENS , D.C. BAR # 491465
                                        Special Assistant United States Attorney
                                        United States Attorney's Office
                                        555 4th Street, N.W.
                                        Washington, D.C. 20530
                                        202-616-2257/ FAX 202-514-8780

## CERTIFICATE OF SERVICE

I hereby certify that, on this 6ʰ day of June, 2008, a copy of the foregoing was

served by First-Class mail, postage prepaid to:


JAMES EARL THOMPSON
Reg. # 05892-007
FCI Petersburg (Medium)
P.O. Box 90043
Petersburg, Virginia 23804

_____/s/_____
Cindy S. Owens, D.C. BAR #491465
Special Assistant United States Attorney
555 Fourth St., N.W.
Room E4112
Washington, D.C. 20530
(202) 616-2257
cindy.owens@usdoj.gov

Exhibit I

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES EARL THOMPSON,                )
                                    )
        Plaintiff                   )
                                    )
v.                                  ) Civil Action No. 07-1848 (RMU)
                                    )
EXECUTIVE OFFICE FOR                )
  UNITED STATES ATTORNEYS,          )
                                    )
        Defendant.                  )
_____)

## DECLARATION OF KAREN M. FINNEGAN

I, Karen M. Finnegan, declare the following to be a true and correct statement of facts:

1.) I am an Attorney Advisor in the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice ("DOJ"). I am assigned to the component of EOUSA designated to administer the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974 ("PA"), 5 U.S.C. § 552a.

2.) Due to the nature of my official duties, I am personally familiar with the FOIA/PA request made to EOUSA by James Earl Thompson, which forms the basis for this litigation.

3.) My official duties include: making final disclosure determinations on records requested by an individual or organization using the FOIA/PA; ensuring compliance with the provisions of the FOIA and PA, and Department of Justice FOIA Regulation 28 C.F.R. § 16.3 et seq. and § 16.40 et seq.; and defending EOUSA's position in litigating challenges to EOUSA's initial actions.

4.) My official duties also include: acting as liaison between EOUSA and the

components within the DOJ regarding FOIA/PA requests; reviewing requests for records sought from EOUSA and /or the 94 U.S. Attorney's Offices ("USAO's"); reviewing request-related correspondence; reviewing searches performed in response to requests; and, reviewing proposed responses made to those requests.

5.) The statements that follow are made on the basis of my review of EOUSA's official files and records, my own personal knowledge, and the information I acquired in performing my official duties.

6.) The purpose of this declaration is to provide the Court and plaintiff with an explanation of the procedures used to process plaintiff's request.

## CHRONOLOGY OF PLAINTIFF'S FOIA REQUEST

7.) By letter dated February 10, 2005, plaintiff requested access to records pertaining to himself.[1]  Plaintiff specifically stated:

> The records sought but not limited to, is the compiled information containing reports/and or records on carrying a pistole [sic] without a license: In reference to the case of Thompson v. United States Case No.-F-3103-96 (myself). (<u>See</u> **Exhibit A.**)

8.) By letter dated March 25, 2005, EOUSA acknowledged receipt of this request and advised plaintiff that his request had been assigned number 05-629, and that by making a FOIA/PA request he had agreed to pay fees up to $25.00 pursuant to 28 C.F.R. § 16.3(c). EOUSA also denied plaintiff's request for an accounting of all disclosures pursuant to 5 U.S.C. §§ 552a(j) and (k), and advised plaintiff of his administrative appeal rights.  (<u>See</u> **Exhibit B.**)

---

[1] Plaintiff submitted his request directly to the United States Attorney's Office for the District of Columbia, which referred the request to EOUSA.  EOUSA received plaintiff's request on February 25, 2005.

-2-

9.) By letter dated April 3, 2005, plaintiff filed what he entitled a Privacy Act Appeal with the U.S. Department of Justice, Office of Information and Privacy ("OIP") in which he narrowed the scope of his request to the following:

1.) The sentencing transcripts following the trial, dated 12/17/96. 2.) The transcripts of the grand jury testimony and police statements of Andre Wright, an exculpatory witness in the case. (See Exhibit C.)

10.) By letter dated April 21, 2005, OIP acknowledged receipt of plaintiff's appeal and assigned it number 05-1531. (See Exhibit D.)

11.) In a letter dated August 1, 2005, OIP advised plaintiff that it had forwarded his appeal letter to EOUSA because is was directed solely towards revising the scope of his initial request. (See Exhibit E.)

12.) By letter dated April 28, 2006, EOUSA advised plaintiff that a search for records located in the United States Attorney's Office for the District of Columbia ("USAO DDC") failed to locate any responsive records. (See Exhibit F.)

13.) EOUSA advised plaintiff by letter dated May 15, 2008, the upon receipt of his Complaint, the USAO DDC conducted a second search for records responsive to his narrowed request and located a 41-page grand jury transcript dated May 16, 1996, and one 3-page grand jury exhibit, which consisted of a statement from Andre Wright. EOUSA advised that these documents were exempt from disclosure pursuant to FOIA Exemptions 3 and 7(C) and Federal Rules of Criminal Procedure ("FRCP") 6(e), and advised him that although his request was the subject of pending litigation, he could file an administrative appeal with OIP. Finally, EOUSA advised plaintiff that the second search did not locate a sentencing transcript dated 12/17/96. (See Exhibit G.)

-3-

## THE SEARCH FOR RESPONSIVE DOCUMENTS

14.) Upon receipt of Mr. Thompson's FOIA/PA request, the USAO DDC conducted a systematic search to determine the location of any and all files relating to him. The Superior Court for the District of Columbia has a computerized docketing/case management system known as the Replicated Criminal Information System (RCIS). RCIS was replicated by the USAO for the District of Columbia to track cases or matters for USAO's Superior Court Division. The RCIS system is the current computerized record tracking system that is available and used by the Superior Court Division for the District of Columbia. The RCIS system allows the user to search Superior Court Division matters by specific names. In this case, RCIS was used to determine all possible locations of files responsive to plaintiff's request. In searching the RCIS database for retrieval of information the defendant's name ("James E. Thompson") and the district court case number ("F 3103-96") were used as search terms. After completing the computer search to determine all possible records locations, the FOIA contact also searched the Federal Records Center Closed Files (also known as the "Closed Files Information Tracking System" or "CFITS") to identify any responsive files. As a result of this initial search for records, the USAO DDC failed to locate responsive records.

15.) Upon receipt of Mr. Thompson's Complaint, the USAO DDC conducted a second search to locate records responsive to his request by using the RCIS database and the defendant's name ("James E. Thompson") and the district court case number ("F 3103-96") as search terms. As a result of this second search, the USAO's Criminal Appeals Section located Mr. Thompson's criminal prosecution file, which contained a responsive grand jury transcript and a grand jury

-4-

exhibit.

16.) The USAO DDC failed to locate a sentencing transcript dated 12/17/96, or any sentencing transcript, as a result of the first or second search for responsive records.

## EXEMPTION 5 U.S.C. § 552(b)(3)
## OTHER FEDERAL NONDISCLOSURE STATUTES

17.) Exemption (b)(3) incorporates various nondisclosure provisions that are contained in other federal statutes. For a statute to support withholding information under this exemption, the statute either "(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld. EOUSA has invoked Exemption 3, in conjunction with FRCP 6(e) to withhold a 41-page grand jury transcript and one 3-page grand jury exhibit.

## FEDERAL RULE OF CRIMINAL PROCEDURE 6(e)

18.) FRCP 6(e) regulates disclosure of matters occurring before a grand jury. In order for a Federal Rule of Procedure to qualify as "a statute" it must have been affirmatively enacted into law by Congress. Rule 6(e) has been held to meet this "statute" requirement, since it was affirmatively enacted by Congress in 1977. Rule 6(e) embodies a broad, sweeping policy of preserving the secrecy of grand jury material regardless of the form in which the material is substantively contained. Such material encompasses not only the direct revelation of grand jury transcripts, but also the disclosure of information that would reveal the identities of witnesses or jurors, the substance of the testimony given before the grand jury, the strategy or direction of the investigation, the deliberations or questions of the grand jurors, and any other matter, the

-5-

disclosure of which would suggest a specific act, thought, or focus of the grand jury's deliberations. EOUSA applied Rule 6(e) in conjunction with Exemption 3 to withhold a grand jury transcript and a grand jury exhibit.

19.) EOUSA withheld certain records pursuant to FRCP 6(e) and Exemption 3 because release of grand jury transcripts of testimony and a grand jury exhibit would reveal the scope and direction of the grand jury investigation by providing the identities of the targets of the investigation, and the actual evidence produced before the grand jury. Release of this information would provide the requester with the scope of the grand jury's investigation by setting forth where the government sought to find evidence to develop its case, how the government developed its case, and who the government relied upon to develop the elements of crimes.

## FOIA EXEMPTION (b)(7)(C)
## UNWARRANTED INVASION OF PERSONAL PRIVACY

20.) 5 U.S.C. § 552(b)(7)(C) exempts from disclosure:

"records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy."

21.) The grand jury exhibit in this case was compiled during the criminal investigation of Mr. Thompson for his involvement in the murder of Chanel Howell; and therefore, it was compiled for law enforcement purposes. The grand jury exhibit consists of a statement of a private citizen, and EOUSA has asserted Exemption (b)(7)(C) to protect the details of the information provided to the government during the Howell murder investigation.

-6-

22.) When withholding information pursuant to this exemption, EOUSA is required to balance the privacy interests of the individuals mentioned in these records against any public interest in disclosure. In asserting this exemption, each item of information was examined to determine the degree and nature of the privacy interest of every individual whose name and/or identifying data appears in these records. The public interest in disclosure of this information is determined by whether the information in question would inform plaintiff and the general public about the USAO's, and other federal law enforcement agencies' performance of their mission to enforce federal criminal statutes and/or how the USAO and other federal agencies actually conduct internal operations and investigations. In each instance where information was withheld, it was determined that individual privacy interests were not outweighed by any public interest in disclosure. To reveal the details of a third party's statement in the context of a murder investigation could reasonably be expected to cause undue public attention to be focused on this individual, and could carry a strong negative connotation; and therefore, would constitute an unwarranted invasion of personal privacy. Moreover, Mr. Wright has not lost his rights to privacy merely because his name has been disclosed.

23.) At the time that these records were reviewed, EOUSA considered the passage of time and its effect on the privacy interests of any third parties in balancing the privacy and the public interests. It was determined that the privacy interests are as strong and pertinent now as when the records were created in 1996, and that there is no public interest in these records which would outweigh the privacy interests of any third parties. In fact, the passage of 12 years since the creation of Mr. Wright's statement may have actually increased his privacy interest because

-7-

disclosure would revive information that has faded from memory.

24.) Information provided by private citizens during an interview reflects some of the most productive investigative tools utilized by law enforcement agencies. The largest roadblock in successfully obtaining the desired information through an interview is the fear by the interviewee of his or her identity possibly being exposed and, consequently, being harassed, intimidated or threatened with legal or economic reprisal, or possible physical harm. The government's continued access to private citizens who are willing to provide pertinent facts in a particular investigation outweighs any benefit to be derived from releasing the detailed investigative information provided. Balancing this privacy interest against the public interest, EOUSA found no legitimate public interest to be served by releasing the detailed information provided to the government in the criminal investigation because it would not shed light on the operations and activities of the USAO or other federal agencies.

## SEGREGABILITY OF NON-EXEMPT INFORMATION

25.) In this matter, each document was evaluated to determine if any information could be segregated and released. The documents withheld in their entireties contained no meaningful portions that could be released without destroying the integrity of the document or without revealing the substance of grand jury matters.

26.) Each step in the handling of plaintiff's request has been entirely consistent with the EOUSA and the USAO's procedures adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

In sum, the defendant has properly responded to plaintiff's FOIA request.

-8-

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that **Exhibits A through G** attached hereto are true and correct copies.

Executed this ____6th____ day of June, 2008.

KAREN M. FINNEGAN
Attorney Advisor
EOUSA

-9-

# FREEDOM OF INFORMATION ACT REQUEST

RECEIVED

2005 FEB 17 P 1:34

Date: February 10, 2005

RECEIVED
FEB 1 6 2005
United States Attorney's Office
for the District of Columbia

Name of Agency: Freedom of Information Section
U.S. Attorney's Office

Address: 555 4th Street, N.W.

City/State/Zip: Washington, D.C. 20001

Dear Sir or Madam:

This is a request under the Freedom of Information Act as amended (USC Title 5 §552) in conjunction with the Privacy Act (USC Title 5 §552a).

I am writing to request a copy of the following information:  The records sought but not limited to, is the compiled information containing reports/and or records on carrying a pistole without a license: In reference to the case of Thompson v. United States Case No-F-3103-96 ( myself)

The FOIA also provides that if only portions of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all nonexempt portions which are reasonably segregate. I, of course, reserve my right to appeal the withholding of deletion of any information.

If you have any questions regarding this request, please write me at the below caption address.

As provided in the Freedom of Information Act, I will expect to receive a reply within ten working days.

Sincerely Requested,

James Earl Thompson
(Name)

05892-007       C-3.
ID Number        (Unit)

2/10/05

Dallard, Case Manager

AUTHORIZED BY THE ACT OF
JULY 7, 1955, AS AMENDED,
Government Exhibit A
TO ADMINISTER OATHS
18 U.S.C. 4004

U.S.P. BIG SANDY
P.O. Box 2068
Inez, KY 41224



GOVERNMENT
EXHIBIT
A

AGENCIES:

( ) United States Parole Commission
( ) Federal Bureau of Investigation
( ) Immigration & Naturalization service
( ) Internal Revenue Service
(X) United States Attorney
( ) Treasury Department
( ) Bureau of Prisons
( ) State Agency
( ) Other: _____

DIRECT RESPONSE TO:

Name: James Earl Thompson

Reg. No.: 05892-007

Unit: C-3

Date: February 10, 2005

IDENTIFICATION OF REQUESTER:
NAME: James Earl Thompson
ALIAS: None
DATE OF BIRTH: ███████
PLACE OF BIRTH: Bronswick Co, VA
F.B.I. NO: 559626N11
SOC. SEC. NO: ███████
OTHER:

| Right Thumb | Right Index |
|---|---|
| RT | RI |

RE:    FREEDOM OF INFORMATION ACT
( U.S.C. 552), PRIVACY ACT
(5 U.S.C. 552a (d) (1)) Request:
EXEMPTIONS (5 U.S.C. 552 (6) (C)
(B) (7)), GENERAL ( U.S.C. 552 A
(J) (2)) OR SPECIFIC ( U.S.C.
552 a (k) (2)) NOT APPLICABLE TO
THIS REQUEST.

Dear Sir/Ms:

This letter will serve as my request pursuant to the provisions of the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 52a (d) (1), and the applicable State Statutes governing Freedom of Information Requests if state agency request, for full disclosure and release of all records and / or data contained in the files of your agency, and specifically under my name and / or an identifier assigned to my name. This request is sought specifically for amendment, deletion and / or expungment (5 U.S.C. 552a (d) (2) (a)) of records maintained by your Agency. The records sought but not limited to, is the compiled information containing reports/and or records on carrying a pistole without a license:

and (6) any and / or all information, data, or reports not otherwise exempt by statute (5 U.S.C. (66) (c) (b) (7)), (5 U.S.C. 52a (j) (2), (k) (2), or law, Tarlton, v. Saxbe, 507, F.2d. 1116, 165 U.S. App. D.C. 293 (1974), Menard v. Saxbe, 498 F 2d. 1017, 162 U.S. App. D.C. 284 (1974), Sullivan v. Murphy, 478 F. 2d. 5, 156 U.S. App. D.C. 28 (1973). Your Agency is advised that the information reports I hold are no longer 7/10/06 accorded exempt status unless under the specific exemption not AUTHORIZED BY THE ACT OF citation of authority, Paton v. La Prade, 524 F.2d 862, 868-69. (CA3 1975), JULY 7), 1955, AS AMENDED,

Government Exhibit A

James Earl Thompson    TO ADMINISTER OATHS
18 U.S.C. 4004

## VERIFICATION

STATE OF                                    )

COUNTY OF                                   )

CITY OF                                     )


*James Earl Thompson* _____ , First being duly sworn, deposes and says: That he / she is the affiant herein, that he / she is read the foregoing request for information release submitted to _____ and knows the contents thereof; That the personal identification data submitted for this request is true and accurate upon the personal knowledge of the affiant, and the verifiable fingerprint identification submitted.

*James Earl Thompson*
Requester


SUBSCRIBED and SWORN to
before me this _____ 16th day
of _____ Feb. _____, 19 2008

AUTHORIZED BY THE ACT OF
JULY 7, 1955, AS AMENDED,
TO ADMINISTER OATHS
18 U.S.C. 4004

( 4 )

Government Exhibit A

It is further requested that your agency in response to the material requested specifically inform me if and to whom the file and / or any material therein contained has been released to any identifiable individual or ...ncy, their name, title, purpose and need for such information, the date of such release, the specific material that was released, the person within your Agency who released such information, and the specific reference to authority, statute or regulation, governing such release (5 U.S.C. 52a (d) (1)), Paton v. La Parde, 524 F.2d 862 (CA3 1975), Tarlton v. Saxbe, 507 F.2d. 1116, 165 U.S. App. D.C. 293 91974), of Linda R.S. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed. 2d. 536. (1973).

It is further requested that your Agency provide me with a copy of specific regulations or your Department as provided by statute (5 U.S.C. 552), so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C. 701 et. seq.).

This request is made under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a) (together with the "alternate means of access"), to permit access to records on file with your Agency. If and for any reason it is determined that portions of the material and records sought is exempt by statute (5 U.S.C. (6) (c) (b) (7), 552a (j) (2), (k) (2) or by regulation (Menard v. Mitchell, 430 F.2d. 486, 139 U.S. App. D.C. 113 (1970), Nemetz v. Department of Treasury, 446 F. Supp. 102) I request specific citation to authority for such deletion. If it should be determined that any material be deemed CONFIDENTIAL due to identification of source, the permission is granted to Agency to delete source identification ONLY from the material for release. Paton v. LaParde, 524 F. 2d 862 (CA3 1975), Chastain v. Kelly, 510 F. 2d. 1232. I further agree to pay any reasonable costs, or file IN FORMA PAUPERIS if I am indigent, provided by statute or regulation of your agency, for search and copying of the material requested.

.suant to Title 5 U.S.C. 552 (6) (1) (1), it is noted that your Agency has ten (10) working days following receipt of this request to provide the information and material sought. Should any delay occur, it is requested that your Agency inform me of this delay as provided by Agency regulations. and the date as to when your Agency will be able to act upon request.

Yours truly,

*James Earl Thompson*

Dated: 2/10/05

(3)

AUTHORIZED BY THE ACT OF
JULY 7, 1955, AS AMENDED,
TO ADMINISTER OATHS
. ? U.S.C. 4004

Government Exhibit A

# FREEDOM OF INFORMATION ACT REQUEST

Date: February 10, 2005

Name of Agency: Freedom of Information Section
U.S. Attorney's Office

Address: 555 4th Street, N.W.

City/State/Zip: Washington, D.C. 20001

Dear Sir or Madam:

This is a request under the Freedom of Information Act as amended (USC Title 5 §552) in conjunction with the Privacy Act (USC Title 5 §552a).

I am writing to request a copy of the following information: The records sought but not limited to, is the compiled information containing reports/and or records on carrying a pistole without a license: In reference to the case of Thompson v. United States Case No-F-3103-96 ( myself)

The FOIA also provides that if only portions of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all nonexempt portions which are reasonably segregate. I, of course, reserve my right to appeal the withholding of deletion of any information.

If you have any questions regarding this request, please write me at the below caption address.

As provided in the Freedom of Information Act, I will expect to receive a reply within ten working days.

Sincerely Requested,

James Earl Thompson
(Name)

05892-007          C-3.
ID Number          (Unit)

2/10/05

Case Manager

AUTHORIZED BY THE ACT OF
JULY 7, 1955, AS AMENDED,
TO ADMINISTER OATHS
18 U.S.C. 4004

Government Exhibit A

U.S.P. BIG SANDY
P.O. Box 2068
Inez, KY 41224

AGENCIES:
- ( ) United States Parole Commission
- ( ) Federal Bureau of Investigation
- ( ) Immigration & Naturalization service
- ( ) Internal Revenue Service
- (X) United States Attorney
- ( ) Treasury Department
- ( ) Bureau of Prisons
- ( ) State Agency
- ( ) Other: _____

DIRECT RESPONSE TO:

Name: James Earl Thompson

Reg. No.: 05892-007

Unit: C-3

Date: February 10, 2005

IDENTIFICATION OF REQUESTER:
NAME: James Earl Thompson
ALIAS: None
DATE OF BIRTH: ▆▆▆▆▆
PLACE OF BIRTH: Bronswick Co, VA
F.B.I. NO: 559626N11
SOC. SEC. NO: ▆▆▆▆▆
OTHER:

RE:    FREEDOM OF INFORMATION ACT
( U.S.C. 552), PRIVACY ACT
(5 U.S.C. 552a (d) (1)) Request:
EXEMPTIONS (5 U.S.C. 552 (6) (C)
(B) (7)), GENERAL ( U.S.C. 552 A
(J) (2)) OR SPECIFIC ( U.S.C.
552 a (k) (2)) NOT APPLICABLE TO
THIS REQUEST.

|  |  |
|---|---|
| Right Thumb | Right Index |
| RT | RI |

Dear Sir/Ms:

This letter will serve as my request pursuant to the provisions of the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 52a (d) (1), and the applicable State Statutes governing Freedom of Information Requests if state agency request, for full disclosure and release of all records and / or data contained in the files of your agency, and specifically under my name and / or an identifier assigned to my name.  This request is sought specifically for amendment, deletion and / or expungment (5 U.S.C. 552a (d) (2) (a)) of records maintained by your Agency.   **The records sought but not limited to, is the compiled information containing reports/and or records on carrying a pistole without a license:**

and (6) any and / or all information, data, or reports not otherwise exempt by statute (5 U.S.C. (66) (c) (b) (7)), (5 U.S.C. 52a (j) (2), (k) (2), or law, Tarlton v. Saxbe, 507, F.2d. 1116, 165 U.S. App. D.C. 293 (1974), Menard v. Saxbe, 498 F.2d. 1017, 162 U.S. App. D.C. 284 (1974), Sullivan v. Murphy, 478 F. 2d. ▆, 156 U.S. App. D.C. 28 (1973).  Your Agency is advised that the investigation reports is not now no longer 7/10/0▆ accorded exempt status unless under the specific exemption noted. Investigation reports is subject to specific citation of authority, Paton v. La Prade, 524 F.2d 862, 868-69. (CA3 1975).

AUTHORIZED BY THE ACT OF
JULY 7, 1955, AS AMENDED,
TO ADMINISTER OATHS
18 U.S.C. 4004

*James Earl Thompson*

vERIFICATION

STATE OF                                    )

COUNTY OF                                   )

CITY OF                                     )


_James Earl Thompson_, First being duly sworn, deposes and says: That he / she is the
affiant herein, that he / she is read the foregoing request for information release submitted to
_____ and knows the contents thereof; That the personal identification
data submitted for this request is true and accurate upon the personal knowledge of the affiant; and the
verifiable fingerprint identification submitted.

_James Earl Thompson_
Requester


SUBSCRIBED and SWORN to
before me this  10th day
of _____Feb._____, 19 2005

AUTHORIZED BY THE ACT OF
JULY 7, 1955, AS AMENDED,
TO ADMINISTER OATHS
18 U.S.C. 4004

( 4 )

Government Exhibit A

It is further requested that your agency in response to the material requested specifically inform me if and to whom the file and / or any material therein contained has been released to any identifiable individual or ...ncy, their name, title, purpose and need for such information, the date of such release, the specific material that was released, the person within your Agency who released such information, and the specific reference to authority, statute or regulation, governing such release (5 U.S.C. 52a (d) (1)), Paton v. La Parde, 524 F.2d 862 (CA3 1975), Tarlton v. Saxbe, 507 F.2d. 1116, 165 U.S. App. D.C. 293 91974), of Linda R.S. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed. 2d. 536. (1973).

It is further requested that your Agency provide me with a copy of specific regulations or your Department as provided by statute (5 U.S.C. 552), so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C. 701 et. seq.).

This request is made under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a) (together with the "alternate means of access"), to permit access to records on file with your Agency. If and for any reason it is determined that portions of the material and records sought is exempt by statute (5 U.S.C. (6) (c) (b) (7), 552a (j) (2), (k) (2) or by regulation (Menard v. Mitchell, 430 F.2d. 486, 139 U.S. App. D.C. 113 (1970), Nemetz v. Department of Treasury, 446 F. Supp. 102) I request specific citation to authority for such deletion. If it should be determined that any material be deemed CONFIDENTIAL due to identification of source, the permission is granted to Agency to delete source identification ONLY from the material for release. Paton v. LaParde, 524 F. 2d 862 (CA3 1975), Chastain v. Kelly, 510 F. 2d. 1232. I further agree to pay any reasonable costs, or file IN FORMA PAUPERIS if I am indigent, provided by statute or regulation of your agency, for search and copying of the material requested.

...suant to Title 5 U.S.C. 552 (6) (1) (1), it is noted that your Agency has ten (10) working days following receipt of this request to provide the information and material sought. Should any delay occur, it is requested that your Agency inform me of this delay as provided by Agency regulations. and the date as to when your Agency will be able to act upon request.

Yours truly,

*James Earl Thompson*

Dated: __2/10/05__

(3)

*[signature]* 2/10/05

**AUTHORIZED BY THE ACT OF JULY 7, 1955, AS AMENDED, TO ADMINISTER OATHS ...8 U.S.C. 4004**



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: 05-629                                                    MAR 2 5 200

Subject: SELF/ DDC

Requester: JAMES E. THOMPSON

Dear Requester:

    The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. <u>Please give us this number if you write about your request.</u> If we need additional information, we will contact you within two weeks.

    Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

    EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

    By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. <u>Please do not send any payment at this time!</u> If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

                       Sincerely,

                       *Marie A. O'Rourke*

                       Marie A. O'Rourke
                       Assistant Director

                                    Form No. 001 - 9/03



GOVERNMENT EXHIBIT
B

Privacy Act Request for Accounting of Disclosures

Your request for information concerning yourself includes "boilerplate" language requesting an accounting of all disclosures of our files.

Your request for accounting is denied because United States Attorney criminal case files are exempt from the accounting provisions of 5 U.S.C. § 552c(1) by virtue of 5 U.S.C. §§ 552a(j) and (k).

You may appeal my decision in this matter by a written request received within 60 days of the date of this letter. Appeals should be addressed to:

Office of Information and Privacy
United States Department of Justice
570 Flag Building
Washington, D.C. 20530

Both the envelope and letter of appeal must be clearly marked Privacy Act Appeal.

If the Office of Information and Privacy affirms my decision, you will have an opportunity to provide us with a statement of disagreement which will then be placed in the file. 28 C.F.R. § 16.46.

**TO:** Office of Information and Privacy
United States Department of Justice
570 Flag Building
Washington, D.C. 20530

**FROM:** James Earl Thompson
Register # 05892-007
USP Big Sandy
P.O. box 2068
Inez, KY 41224

Request #: 05-629
Date: 4-3-05

Re: **Privacy Act Appeal;** Response to 3/25/05 correspondance

The Proprietor of the Office of Information and Privacy:

On 2/10/05, I sent a Freedom of Information Act request to the Freedom of Information Section of the U.S. Attorney's Office. In the request, I asked for a copy of all documents that were accumulated in preparation for prosecution in the case of myself, **Thompson v United States**, case no. **F-3103-96**.

In order to expedite the processing of the request, I would like to revise this request to the following:

1.) The sentencing transcripts following the trial, dated 12/17/96.
2.) The transcripts of the grand jury testimony and police statements of Andre Wright, an exculpatory witness in the case.

Hopefully this will allow my request to be processed faster. Thank you for your assistance in this matter.

Sincerely Requested,

James Earl Thompson
James Earl Thompson
Register # 05892-007
USP Big Sandy
P.O. Box 2068
Inez, KY 41224

OFFICE OF INFORMATION
AND PRIVACY

APR 1 4 2005

RECEIVED

GOVERNMENT
EXHIBIT
C

Government Exhibit C

EOUSA/FOIA/PA
05 MAY 2  AM 10: 50

**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

APR 2 1 2005

Mr. James E. Thompson
Register No. 05892-007
U.S.P. Big Sandy
P.O. Box 2068
Inez, KY 41224

      Re:  Request No. 05-629

Dear Mr. Thompson:

      This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys on your request for information from the files of the Department of Justice was received by this Office on April 14, 2005.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **05-1531**.  Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

                  Sincerely,

                  Priscilla Jones
                  Chief, Administrative Staff



GOVERNMENT
EXHIBIT
D

EOUSA





**U.S. Department of Justice**

RECEIVED Office of Information and Privacy

2005 AUG -2 PM 12: 06

DEPT. OF JUSTICE *Washington, D.C. 20530*
FOIA/PRIVACY STAFF

*Telephone: (202) 514-3642*

AUG 0 1 2005

Mr. James Earl Thompson
Register No. 05892-007
United States Penitentiary-
  Big Sandy                          Re:  Appeal No. 05-1531
Post Office Box 2068                 Request No. 05-629
Inez, KY  41224                      RLH:GLB:JTR

Dear Mr. Thompson:

    You appealed from the action of the Executive Office for United
States Attorneys on your request for access to records concerning
you.

    Your appeal is directed solely toward revising your initial
request so that it encompasses fewer records.  I have forwarded the
revision of your request to the EOUSA.  The EOUSA will contact you
directly regarding the request.

    The function of the Office of Information and Privacy is
limited to the adjudication of appeals from denials of access to
information pursuant to the Freedom of Information and Privacy Acts
by components of the Department of Justice.  Inasmuch as your appeal
does not concern any matter that can be adjudicated by this Office, I
am closing your appeal file in this Office.

                          Sincerely,


                          Richard L. Huff
                          Co-Director

Government Exhibit E



GOVERNMENT
EXHIBIT

E

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C.  20530
202-616-6757  Fax 202-616-6478

Request Number:  05-629                    Date of Receipt:  2/25/05

Requester:  James E. Thompson

Subject:  Self / USAO - D.C..                                    APR 28 2006

Dear Requester:

        In response to your Freedom of Information Act and/or Privacy Act request, the
paragraph(s) checked below apply:

1.    [  ]    A search for records located in this office has revealed no records.

2.    [ x ]    A search for records located in the United States Attorney's Office(s) for the District of
              Columbia   has revealed no records.

3.    [  ]    The records which you have requested cannot be located.

4.    [  ]    This office is continuing its work on the other subject/districts mentioned in your request.

5.    [ x ]    This is the final action my office will take on this particular request.

        You may appeal my decision in this matter by writing within sixty (60) days from the date
of this letter, to:

                        Office of Information and Privacy
                        United States Department of Justice
                        1425 New York Avenue
                        Washington, D.C.  20530

        Both the envelope and the letter of appeal must be clearly marked "Freedom of Information
Act/Privacy Act Appeal."

        After the appeal has been decided, you may have judicial review by filing a complaint in
the United States District Court for the judicial district in which you reside or have your principal
place of business; the judicial district in which the requested records, if any, are located; or in the
District of Columbia.

                                        Sincerely,

                                        William G. Stewart II
                                        Acting Assistant Director

                                                        Form No. 005 - 1/06





**U.S. Department of Justice**

Executive Office for U  . States Attorneys
Freedom of Information & Privacy Staff
600 E Street, N.W., Suite 7300, Bicentennial Building
Washington, DC 20530-0001
(202) 616-6757  FAX: 616-6478  (www.usdoj.gov/usao)

Mr. James Earl Thompson
Register Number 05892-007
Butner Medium
Federal Correctional Institution            MAY 15 2008
Inmate Mail/Parcels
P.O. Box 1000
Butner, NC 27509

      In re: Request Number 05-629

Dear Mr. Thompson:

      This is in further response to the above referenced Freedom of Information and Privacy Acts request to the Executive Office for United States Attorneys (EOUSA) for access to "[t]he sentencing transcripts following the trial, dated 12/17/96" and "[t]he transcripts of the grand jury testimony and police statements of Andre Wright, an exculpatory witness in the case."

      By letter dated April 28, 2006, EOUSA advised you that a search for records located in the United States Attorneys Office ("USAO") for the District of Columbia ("DDC") failed to locate responsive records. Upon receipt of your Complaint in Thompson v. Executive Office for United States Attorneys, Civil Action No. 1:07-cv-1848, the USAO DDC conducted a second search for responsive records. This search located a 41-page grand jury transcript dated May 16, 1996, and one 3-page grand jury exhibit, which consists of a statement from Andre Wright.

      Grand jury material is exempt from mandatory release pursuant to 5 U.S.C. § 552(b)(3), which exempts from release "matters specifically exempted from disclosure by statute." Since Rule 6(e) of the Federal Rules of Criminal Procedure (Pub. L. 95-78, 91 Stat. 319(1977)) provides that grand jury proceedings shall be secret, disclosure of grand jury information is prohibited by law. In addition, Mr. Wright's statement is also exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(C), which pertains to information compiled for law enforcement purposes, the release of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USAO DDC has also advised that its second search for responsive records did not locate the sentencing transcripts dated 12/17/96.

      Although I am aware that your request is the subject of ongoing litigation and that appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you that if you consider my response to be a denial of your request, you have the right to file an administrative appeal by writing within 60 days from the date of this letter to **Office of**



GOVERNMENT
EXHIBIT
G

**Information and Privacy, Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C.  20530-0001.** Both the envelope and the letter of appeal should be marked "FOIA Appeal."

Sincerely,

William G. Stewart II
Assistant Director

# Exhibit II

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES EARL THOMPSON,          )
     Plaintiff               )
                             )
v.                            )          Civil Action No. 07-1848 (RMU)
                             )
EXECUTIVE OFFICE FOR,         )
UNITED STATES ATTORNEY        )
                             )
     Defendant.              )

### DECLARATION OF CINDY THOMAS

     I, Cindy Thomas, pursuant to Title 28, United States Code, Section 1746, declare and state as follows:

     1) I am the Legal Assistant for the Criminal Appeals Section, United States Attorney's Office (hereinafter USAO), for the District of Columbia and my office is in Washington, D.C. One of my responsibilities includes the coordinating of Freedom of Information Act/Privacy Act (hereinafter FOIA/PA) requests for access to records located in the United States Attorney Office (USAO), Criminal Appeals Section. I identify, discuss and forward records directly to EOUSA for processing and make no determinations regarding the release or withholding of the documents. I have been the FOIA contact person for the USAO, Criminal Appeals Section for the District of Columbia since September 17, 2007. The statements I make herein are either on the basis of my own personal knowledge or on the basis of knowledge acquired by me through the performance of my official duties.

     2) Due to the nature of my official duties, I have become familiar with the procedures that were followed by this office in coordinating the response to the FOIA request submitted by James Earl Thompson.

3) On or about December 2008, after Mr. Thompson filed this lawsuit, a second search for records was conducted. The request to conduct a second search for Mr. Thompson's FOIA/PA request was sent to me via email by the USO, Civil Division. My office, the Criminal Appeals Section of the USAO was able to locate Mr. Thompson's trial file.

4) The Superior Court for the District of Columbia has a computerized docketing/case management system known as the Replicated Court Information System (RCIS). This computerized system of records (RCIS) was replicated by the USAO for the District of Columbia to track cases or matters for USAO's Superior Court Division. Whenever an office file on a new matter or new case is opened, the Division's Superior Court intake unit will enter applicable information into the RCIS computer system and RCIS will automatically assign the case or matter a case number which will be used as an internal tracking number for the Office. The information entered into the computer is based on a series of individual records which are linked together, or related, or in logical order. These records may include, but are not limited to, the names of the parties, the names of any related cases, what the case is about, what Assistant United States Attorney is handling the case, the Judge assigned to the case, and what stage the case is in. RCIS provides information on all Superior Court cases.

5) The RCIS system is the current computerized record tracking system that is available and used by the Superior Court Division for the District of Columbia. The RCIS system allows the user to search Superior Court Division matters by specific names. The RCIS system is capable of cross-referencing other related cases if such related case information is entered into the system. Due to the large number of files maintained by the Office (in excess of 70,000 files of which over 10,000 are active and 60,000 are closed files), any search for case related documents must be performed by the use of RCIS. A purely manual search for specific files/documents

would be so burdensome as to be virtually impossible for the United States Attorney for the District of Columbia. Moreover, files are closed on a timely basis and such records are shipped periodically to the Federal Records Center in Suitland, Maryland where they are maintained for a specified number of years (typically 10 years).

6) The Superior Court for the District of Columbia has a computerized docketing/case management system known as the Closed Files Information Tracking System (CFITS). The CFITS system is the current computerized record tracking system that is available and used by the Superior Court Division for the District of Columbia to locate closed files. The CFITS system allows the user to search Superior Court Division matters by specific names. The CFITS system is capable of cross-referencing other related cases if such related case information is entered into the system.

7) At the request of the USAO Civil Division, I conducted a second search of the RCIS and CFITS, on or about December, 2007. As a result of this search Mr. Thompson's trial file was located.

8) I have been informed by paralegal staff at the USAO Civil Division that responsive records found in Mr. Thompson's trial file included a grand jury transcript and a grand jury exhibit as discussed in the Karen Finnegan Declaration. I have also been informed that no sentencing transcripts were found as a result of the second search. I have also been informed that both the grand jury transcript and the grand jury exhibit were forwarded to the EOUSA for processing.

9) I believe my search was reasonably done and calculated to lead to any potentially responsive documents to Mr. Thompson's FOIA/PA request. The handling of Mr. Thompson's request was entirely consistent with EOUSA and the USAO procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of June, 2008.

Cindy Thomas
Legal Assistant

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| **JAMES EARL THOMPSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Case No: 07-01848 (RMU)** |
| ) | |
| **EXECUTIVE OFFICE FOR** ) | |
| **THE UNITED STATES ATTORNEYS,** ) | |
| ) | |
| **Defendant.** ) | |

---

**ORDER**

Upon consideration of Defendant's Motion for Summary Judgment, any Opposition thereto, and the entire record herein, it is this _____ day of _____, 2008,

ORDERED, that Defendant's Motion for Summary Judgment is hereby GRANTED; and it is

FURTHER ORDERED that the above-captioned action be and is hereby DISMISSED with prejudice.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE