UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| James Earl Thompson, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 07-1848 (RMU) |
| | : | |
| | : | |
| Executive Office for | : | |
| United States Attorneys, | : | |
| | : | |
| Defendant. | : | |

## ORDER

### DIRECTING THE PLAINTIFF TO RESPOND TO THE DEFENDANT'S SUMMARY JUDGMENT MOTION

This matter is before the court on the defendant's motion for summary judgment. The court will rule on the defendant's motion taking into consideration the facts proffered by the plaintiff in the complaint, along with the plaintiff's response or opposition to the defendant's motion.

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the court held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice ... should include an explanation that the failure to respond ... may result in the district court granting the motion and dismissing the case." *Id.* at 509. The plaintiff is also referred to Local Civil Rule 7(b), which provides that a party has 11 days, or at such time as the court may direct, within which to respond to a motion. Otherwise the court may treat the motion as conceded.

The plaintiff is further advised of the following. In *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the D.C. Circuit stated that district courts must inform *pro se* litigants that, on a motion

for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion[s]" made in the movant's affidavits. *Id.* at 456 (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)). The court in *Neal* also specified that the "text of Rule 56(e) should be part of the notice" issued to the *pro se* litigant. *Id.* Rule 56(e) of the Federal Rules of Civil Procedure provides:

> (1) In General. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
>
> (2) Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e). Thus, adverse parties to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; mere allegations that the moving party's affidavits are incorrect are not sufficient. *See Neal*, 963 F.2d at 457-58.

Accordingly, it is by the court this 10th day of June 2008, hereby

**ORDERED** that the plaintiff shall file his response to the defendant's motion for summary judgment by July 17, 2008. If the plaintiff fails to file a response or opposition within the time provided, the court will treat the motion as conceded and, if the circumstances warrant, enter judgment for the defendant.

                                           RICARDO M. URBINA
                                           United States District Judge