IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

**RECEIVED**

JUN 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JAMES EARL THOMPSON
Plaintiff,

Vs.    CASE NO.: 07-01848-RMU

EXECUTIVE OFFICE FOR THE
UNITED STATES ATTORNEYS,
Defendant,
_____/

## MOTION IN RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**COMES NOW,** the Plaintiff, James Earl Thompson, and acting Pro-se, motions this Honorable Court in response to the Defendant's motion for summary judgment. The Plaintiff states the following in support of this motion.

The Defendant takes the position that Plaintiff has no entitlement to the documents he seeks under the Freedom of Information Act, because said documents are exempt pursuant to Title 5 U.S.C. § 552 (b) (7) (C). The Defendant goes on and asserts to this Honorable Court that Rule 6 of the Federal Rules of Criminal Procedures prevents the Plaintiff from obtaining

any documents of a grand jury proceeding. Due to Rule 6's exclusion rule, Title 5 U.S.C. § 522 (b) (7) (C) exempts its disclosure.

Furthermore, the Defendant asserts that Plaintiff has an independent reason for seeking such documents, and that reason does not raise a public interest to waive Rule 6's exemption.

In response to the above the Plaintiff asserts that the Defendant is incorrect in both application of law. First, while it is true that all grand jury proceedings are exempt from public disclosure, such exemption is waived once a witness of a grand jury proceeding testifies at a trial proceeding, see **United States v. Clay, 495 F.2d 700**, 709-10 (7th Cir. 1974); **United States v. Trigg**, 392 F.2d 860, 865 (7th Cir.), cert. denied, 391 U.S. 961, 88 S. Ct. 1863, 20 L. Ed. 2d 874 (1968). The exemption depends on whether the witness testifying at the grand jury testified at the Plaintiff's trail. In order to accomplish this, the Defendant must submit a Vaughn Index.

Title 5 U.S.C. § 552(a)(4)(B) provides in pertinent part that a district court "may examine the contents of an agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions and the burden is on the agency to sustain its action." An in camera inspection is not automatic and is not required when the Government's affidavits and actions make a plausible case for exemption, see **Lead Industries Ass'n v. OSHA**, 610 F.2d 70, 87 (2d Cir. 1979)

(Friendly, J.); **Weissman v. CIA**, 184 U.S. App. D.C. 117, 565 F.2d 692, 696-98 (D.C. Cir. 1977).

This Honorable Court should not hesitated to make a detailed in camera inspection of voluminous documents covering a period of almost one day, see **Lamont v. Department of Just.**, 475 F. Supp. 761 (S.D.N.Y.1979), there is need for restraint when the agency makes an appropriate showing for exemption. An agency may sustain its burden of proof as to claimed exemptions by submission of affidavits that describe with reasonable specificity the nature of the documents at issue and the claimed justification for nondisclosure, and that indicate the requested material logically comes within the claimed exemption, see **Lesar v. United States Dep't of Just.**, 636 F.2d 472, 481 (D.C. Cir. 1980); see **EPA v. Mink**, 410 U.S. 73, 93 S. Ct. 827, 35 L. Ed. 2d 119 (1973); **Vaughn v. Rosen**, 157 U.S. App. D.C. 340, 484 F.2d 820, 826-28 (D.C. Cir. 1973), cert. denied, 415 U.S. 977, 94 S. Ct. 1564, 39 L. Ed. 2d 873 (1974).

The mere possibility that "some bits of non-exempt material may be found among exempt material, even after a thorough agency evaluation," does not automatically trigger in camera inspection. Only when the record is vague or the agency claims too sweeping or suggestive of bad faith should a district court conduct an in camera examination to look for segregable non-exempt matter, see **Lead Industries Ass'n v. OSHA**, 610 F.2d 70, 88 (2d Cir. 1979); **Ray v. Turner**, 190

U.S. App. D.C. 290, 587 F.2d 1187, 1195 (D.C. Cir. 1978); **Weissman v. CIA**, 184 U.S. App. D.C. 117, 565 F.2d 692, 697-98 (D.C. Cir. 1977).

In this case the Defendant has not sustained its burden of proof, that the 145 pages of documents are grand jury exempt. The Defendant does not provide any affidavits to support their exemption, nor does the Defendant provide a Vaughn index specifying the need for exemption.

Attached to this response the Plaintiff provides the Honorable Court with a copy of the grand jury testimony in his criminal case. The Plaintiff requests this Honorable Court to review the transcripts line by line, and determine whether the exempted documents establish the following:

- Whether the exempted material will disclose information that would compromise the privacy rights of a grand jury witness.
- Whether the exempted material is truly exempted under Rule 6 of the Federal Rules of Criminal Procedures.
- Whether the exempted material can be used to impeach a grand jury witness.

The Plaintiff asserts to this Honorable Court that his possession of the grand jury transcript is legal, due to the fact that each witness testified at his criminal trail. Plaintiff only seeks this Honorable Court to grant a full and fair consideration of all factors, prior to rendering its determination on exemption.

The Defendant also seeks this Honorable Court hold that an independent need for disclosure does not rise to the level of a public interest that out weighs the third parties' privacy interest. However, the Plaintiff's need of the requested exempted material outweighs any third parties' privacy interest.

The release by Department of Justice of age, address, marital status, employment status, scope of investigation leading to arrest or indictment or other background material does not constitute unwarranted invasion of personal privacy because individuals who are arrested or indicted, and basic facts identifying and describing generally investigation and arrest, become matters of public concern, see **Tennessean Newspaper, Inc. v Levi** 403 F Supp 1318 (1975, MD Tenn.). In this case all information that can establish a miscarriage of justice outweighs third party interest.

## CONCLUSION

Wherefore, the Plaintiff hopes and prays that this Honorable Court does not grant summary judgment for the Defendant. In the alternative, Plaintiff hopes this Honorable Court grants an order for a Vaughn index from the Defendant, with supporting affidavits, or conduct an in camera review, as stated above, then determine whether the Defendant's exemption is justified; or grant any relief the Honorable Court determines fair and just.

Respectfully submitted

*James Earl Thompson*
James Earl Thompson, Pro-se
Reg. # 05892-007
F.C.I. Butner II
P.O. Box 1500
Butner
North Carolina 27509

## CERTIFICATE OF SERVICE

**I HEREBY,** certify that a true and correct copy of the foregoing was mailed to Cindy S. Owens, Special Assistant United States Attorney, at 555 Fourth Street, N.W., Room E4112, Washington D.C. 20530, on this 23 day of June, 2008, by paid first class postage stamp.

Respectfully submitted

*James Earl Thompson*
James Earl Thompson, Pro-se
Reg. # 05892-007
F.C.I. Butner II
P.O. Box 1500
Butner
North Carolina 27509