UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES EARL THOMPSON,      )<br>                                                      )<br>            Plaintiff,                      )<br>      v.                                            )<br>                                                      )<br>EXECUTIVE OFFICE FOR         )<br>THE UNITED STATES ATTORNEYS,  )<br>                                                      )<br>            Defendant.                   )<br>                                                      ) | Case No: 07-01848 (RMU) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
AND OPPOSITION TO "MOTION IN RESPONSE TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT"**

Defendant, Executive Office for the United States Attorneys ("EOUSA"), by its undersigned attorneys, submits the following reply in support of its Motion for Summary Judgment and Opposition to Plaintiff's "Motion in Response to Defendant's Motion for Summary Judgment" filed on June 27, 2008, and entered (and served on the undersigned) on June 30, 2008. (hereinafter referred to as "Motion in Response"). Defendant submitted its Motion for Summary Judgment on June 6, 2006.

### INTRODUCTION

Plaintiff, James Earl Thompson, files this case under the Freedom of Information Act ("FOIA") seeking information pertaining to the case of Thompson v. United States, Case No.-F-3103-96. In response, Defendant searched and found a total of 44 pages of responsive records. Defendant, however, withheld those records in their entirety pursuant to FOIA Exemptions (b)(3) (in conjunction with the Federal Rules of Criminal Procedure 6(e)) and (b)(7)(C).

In Plaintiff's Response he alleges that because witnesses testified at the trial in his case, then the grand jury proceeding is not exempt from public disclosure. See Motion in Response at 2. Plaintiff alludes to an allegation that there was a miscarriage of justice. See Motion in Response at 5. Plaintiff also provided the Court with excerpts from the grand jury testimony. See Motion in Response, Attachment.

## ARGUMENT

I.   Plaintiff has not demonstrated that Defendant waived Exemption (b)(3) or Exemption (b)(7)(C).

In his Motion in Response, Plaintiff provided the Court, as an attachment to the Motion, an alleged "copy of the grand jury testimony in his criminal case." (Motion in Response at p. 4). However, upon examining the attachment, it is not a complete copy of the grand jury testimony in his criminal case but rather it consists of the first two pages of testimony from select witnesses. Plaintiff alleges that "his possession of the grand jury transcript is legal, due to the fact that each witness testified at his criminal trial." Further, Plaintiff argues that "while it is true that all grand jury proceedings are exempt from public disclosure, such exemption is waived once a witness of a grand jury proceeding testifies at a trial proceeding, see United States v. Clay, 495 F.2d 700, 709-710 (7th Cir. 1974); United States v. Trigg, 392 F.2d 860, 865 (7th Cir. 1968), cert denied, 391 U.S. 961, 88 S. Ct. 1863, 20 L. Ed. 2d 874 (1968)" (Motion in Response at p. 2).[1]

It is true that as a general rule, the government may not rely on an otherwise valid

---

[1] To support this legal conclusion Plaintiff cites to the United States v. Clay, 495 F.2d 700 (7th Cir. 1974) and United States v. Trigg, 392 F.2d 860 (7th Cir. 1968), however, these cases are criminal cases and are not applicable to the withholding of information pursuant to the Freedom of Information Act ("FOIA"), the issue presented in this case.

exemption to justify withholding information that officially has entered the public domain. Students Against Genocide v. Dep't of State, 257 F.3d 828, 836 (D.C. Cir. 2001) (emphasizing that "[f]or the public domain doctrine to apply, the specific information sought must have already been 'disclosed and preserved in a permanent public record'") (citing Cottone v. Reno, 193 F.3d 550, 554-55 (D.C. Cir. 1999)); Callahan v. Executive Office for U.S. Attorneys, No. 98-1826, slip op. at 3 (D.D.C. Apr. 18, 2002) (ordering release of court filed documents on basis that they already were in public domain).  To have been "officially" released, however, information generally must have been disclosed under circumstances in which an authoritative government official allowed the information to be made public.  Cottone, 193 F.3d at 555 (noting that a court "must be confident that the information sought is truly public and that the requester receives no more than what is publicly available").  And it is the Plaintiff who bears the burden of demonstrating that the withheld information has been officially disclosed.  Pub. Citizen v. Dep't of State, 276 F.3d 634, 645 (D.C. Cir. 2002) (reaffirming that burden is on requester to establish that specific record in public domain duplicates that being withheld); Bronx Defenders v. DHS, No. 04 CV 8576, 2005 WL 3462725, at *3 (S.D.N.Y. Dec. 19, 2005) (finding that release of excerpts from document does not replicate whole document and create waiver).

     Here, although Plaintiff has presented excerpts of grand jury testimony to the Court, he has not presented documentation or information supporting the fact that the excerpts were released by an authoritative government official who allowed the information to be made public.  Further, excerpts taken from a whole document do not create a waiver.  Bronx Defenders, 2005 WL 3462725, at *3.  Therefore, because plaintiff has not established that the grand jury transcript and exhibit were officially made public, Defendant has not waived the proper application of

FOIA Exemption (b)(3) (in conjunction with Federal Rules of Criminal Procedure (6)(e)) and FOIA Exemption (b)(7)(C) to withhold the responsive grand jury material.

Additionally, even if plaintiff could prove that he received the excerpts of grand jury testimony in his criminal trial from an authoritative government official, an agency that has provided information in a criminal discovery context does not waive its authority to withhold the documents thereafter under FOIA. National Association of Criminal Defense Lawyers v. U.S. Dep't of Justice, No. 97-372, slip op. at 8-10 (D.D.C. July 22, 1998) (ruling that limited disclosure of draft report to defendants pursuant to criminal discovery rules does not waive Exemption 5 protection); Willis v. FBI, No. 96-1455, slip op. at 2-6 (D.D.C. Feb. 14, 1998) ("The mere fact that at one time the Plaintiff's counsel may have had a right of access to portions of the transcript for a limited purpose hardly suffices to show that all of the requested transcripts now are a part of the public domain."), aff'd in part & remanded in part on other grounds, 194 F.3d 175 (D.C. Cir. 1999) (unpublished table decision); Beck v. U.S. Dep't of Justice, No. 88-3433, slip op. at 2 (D.D.C. July 24, 1991) ("Exemption 7(C) is not necessarily waived where an individual has testified at trial."), summary affirmance granted in pertinent part & denied in part, No. 91-5292 (D.C. Cir. Nov. 19, 1992).

The D.C. Circuit has specifically held that Exemption 3 "remains inviolate" even though wiretap tapes were provided to defendant's counsel as Brady material in his criminal trial. Cottone v. Reno, 193 F.3d 550, 556 (D.C. Cir. 1999). Similarly here, even if plaintiff could show that the grand jury excerpts were provided to his counsel during his criminal trial, as in Cottone, 193 F.3d at 556, Defendant's application of FOIA Exemption (b)(3), in conjunction with the Federal Rule of Criminal Procedure 6(e), is proper. For these reasons the Court should

grant Defendant's Motion for Summary Judgment.

II.     The Declaration of Karen Finnegan provides specificity as to how the disclosure of the grand jury information would reveal secret aspects of the grand jury's investigation.

As clearly set forth in the Declaration of Karen M. Finnegan (Exhibit I of Defendant's Motion for Summary Judgement, filed on June 6, 2008, Docket No. 14 (hereinafter referred to "Finnegan Decl.") at ¶ 19), Defendant specifically stated how, if disclosed, the information would reveal secret aspects of the grand jury's investigation as required by Senate of P.R. v. United States Dep't of Justice, 823 F.2d 574, 582 (D.C. Cir. 1987). As previously stated, release of grand jury transcripts of testimony and a grand jury exhibit would reveal the scope and direction of the grand jury investigation by providing the identities of the targets of the investigation, and the actual evidence produced before the grand jury. (Finnegan Decl. at ¶ 19). Release of the information would also provide the requester with the scope of the grand jury's investigation by setting forth where the government sought to find evidence to develop the case, how the government developed the case, and who the government relied upon to develop the elements of the crimes. Id. Therefore because the application of Exemption (b)(3) in conjunction with Federal Rules of Criminal Procedure (6)(e) is proper this Court should grant Defendant's Motion.

III.    The privacy interest of the individual is still in tact.

In Plaintiff's Motion in Response, Plaintiff alleges that "all information that can establish a miscarriage of justice outweighs a [sic] third party's [sic] interest." This argument fails for multiple reasons. First, Plaintiff provides no facts or support that in his case, there was a "miscarriage of justice" he only provides a conclusory statement.

Furthermore, persons mentioned in law enforcement records do not lose their privacy rights merely because their names were disclosed. Fitzgibbon v. CIA, 911 F.2d 755, 768 (D.C. Cir. 1990) (concluding fact that CIA or FBI may have released information about individual elsewhere does not diminish the individual's substantial privacy interests), Shores v. FBI, 185 F. Supp. 2d 77, 83 (D.D.C. Feb. 4 2002) (deciding that privacy interests are not diminished by the fact that plaintiff "may deduce the identities of individuals through other means or that their identities have already been disclosed" (citing Fitzgibbon, 911 F.2d at 768 and Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1491 (D.C. Cir. 1984))). Defendant has properly invoked FOIA Exemption (b)(7)(C) and the conclusory statement alluding to the fact that there may have been a miscarriage of justice does not disturb the privacy interests of the individual whose information is contained in the records at issue.

Finally, as this Court has recognized, a plaintiff's interest in attacking his own conviction or incarceration does not count in the calculation of the public interest to be served by the FOIA. See, e.g., Oguaju v. United States, 288 F.3d 448, 450 (D.C. Cir. 2002) (finding that plaintiff's "personal stake in using the requested records to attack his convictions does not count in the calculation of the public interest"); Taylor v. U.S. Dep't of Justice, 257 F. Supp. 2d 101, 110 (D.D.C. Mar. 31 2003) (finding no public interest in disclosure of third-party information that requester asserted might assist him in challenging his conviction).

## CONCLUSION

For the foregoing reasons, the Court should find that Defendant properly withheld records and information pursuant to FOIA Exemption (b)(3) in conjunction with Federal Rules of Criminal Procedure (b)(6) and FOIA Exemption (b)(7)(C) and that Defendant appropriately

determined that the non-exempt information could not be segregated from the properly exempt information. On these grounds, the Court should grant summary judgment in Defendant's favor and dismiss this case with prejudice.

Dated: July 10, 2008.                    Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
CINDY S. OWENS , D.C. BAR # 491465
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-616-2257/ FAX 202-514-8780

**CERTIFICATE OF SERVICE**

  I hereby certify that, on this 10th day of July, 2008, a copy of the foregoing was served by

First-Class mail, postage prepaid to:


JAMES EARL THOMPSON
Reg. # 05892-007
FCI Petersburg (Medium)
P.O. Box 90043
Petersburg, Virginia 23804

          /s/
         Cindy S. Owens, D.C. BAR #491465
         Special Assistant United States Attorney
         555 Fourth St., N.W.
         Room E4112
         Washington, D.C. 20530
         (202) 616-2257
         cindy.owens@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES EARL THOMPSON,          )<br>                                                        )<br>         Plaintiff,                            )<br>   v.                                              )<br>                                                        )<br>EXECUTIVE OFFICE FOR        )<br>THE UNITED STATES ATTORNEYS,  )<br>                                                        )<br>         Defendant.                        )<br>                                                        ) | Case No: 07-01848 (RMU) |

**ORDER**

Upon consideration of Defendant's Motion for Summary Judgment, any Opposition thereto, and the entire record herein, it is this _____ day of _____, 2008,

ORDERED, that Defendant's Motion for Summary Judgment is hereby GRANTED; and it is

FURTHER ORDERED that the above-captioned action be and is hereby DISMISSED with prejudice.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE