# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES EARL THOMPSON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 07-1848 (RMU) |
| | : | |
| v. | : | Document No:   14 |
| | : | |
| | : | |
| EXECUTIVE OFFICE FOR | : | |
| UNITED STATES ATTORNEYS, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the plaintiff challenges the response of the Executive Office for United States Attorneys ("EOUSA") to his request for records pertaining to his criminal case. The defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Upon consideration of the parties' submissions and the entire record, the court grants the defendant's motion.

## II.  BACKGROUND

It is undisputed that by letter of February 10, 2005, the plaintiff requested records "containing reports/and or records on carrying a pistole [sic] without a license: In reference to the case of Thompson v. United States Case No-F-3103-96 (myself)." Def.'s Mot. for Summ. J., Ex. 1 (Decl. of Karen M. Finnegan ["Finnegan Decl."], Ex. A). Following EOUSA's

acknowledgment of the request by letter of March 25, 2005, the plaintiff submitted to the

Department of Justice's Office of Information and Privacy ("OIP") a document dated April 3,

2005 captioned "Privacy Act Appeal; Response to 3/25/05 correspondence."  Finnegan Decl., Ex.

C.  "In order to expedite the processing of the request," the plaintiff indicated that he was

revising his FOIA request to include only "[t]he sentencing transcripts following the trial, dated

12/17/96 [and] [t]he transcripts of the grand jury testimony and police statements of Andre

Wright, an exculpatory witness in the case."  *Id.*  By letter of April 28, 2006, EOUSA informed

the plaintiff that a search for records in the United States Attorney's Office for the District of

Columbia located no responsive records and advised him of his right to appeal the decision to

OIP.  *Id.*, Ex. F.

 In response to the plaintiff's filing of this civil action on October 15, 2007, EOUSA

conducted another search and, by letter of May 15, 2008, informed the plaintiff that it had located

a 41-page grand jury transcript dated May 16, 1996 and a three-page grand jury exhibit consisting

of Wright's statement.  *Id.*, Ex. G.  EOUSA further informed the plaintiff that the grand jury

material was exempt from disclosure under FOIA exemption 3, *see* 5 U.S.C. § 552(b) (listing

FOIA exemptions); that Wright's statement was also exempt from disclosure under FOIA

exemption 7(C); and that it did not locate the requested sentencing transcript.

### III.  ANALYSIS

#### A.  Legal Standard for a Motion for Summary Judgment

 Summary judgment is appropriate when "the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact and

that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540

(D.C. Cir. 1995).  To determine which facts are "material," a court must look to the substantive

law on which each claim rests.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A

"genuine issue" is one whose resolution could establish an element of a claim or defense and,

therefore, affect the outcome of the action.  *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the

nonmoving party's favor and accept the nonmoving party's evidence as true.  *Anderson*, 477 U.S.

at 255.  A nonmoving party must establish more than "the mere existence of a scintilla of

evidence" in support of its position, *id.* at 252, and may not rely solely on allegations or

conclusory statements.  *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999); *Harding v. Gray*,

9 F.3d 150, 154 (D.C. Cir. 1993).  The nonmoving party must present specific facts that would

enable a reasonable jury to find in its favor.  *Greene*, 164 F.3d at 675.  If the nonmoving party's

evidence "is merely colorable, or is not significantly probative, summary judgment may be

granted."  *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

To prevail on a motion for summary judgment, the moving party must show that the

nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial."

*Celotex*, 477 U.S. at 322.  By pointing to the absence of evidence proffered by the nonmoving

party, a moving party may succeed on summary judgment.  *Id.*  The FOIA mandates full public

disclosure of agency records unless the requested records "fall squarely" within one or more of

the nine statutory exemptions.  *Wash. Post Co. v. United States Dep't of Agric.*, 943 F. Supp. 31,

3

33 (D.D.C. 1996) (quoting *Burka v. U.S. Dep't of Health & Human Servs.*, 87 F.3d 508, 515

(D.C. Cir. 1996)).   The court may award summary judgment solely on the information provided

in affidavits or declarations that describe "the justifications for nondisclosure with reasonably

specific detail . . . and are not controverted by either contrary evidence in the record nor by

evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir.

1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied* , 415 U.S. 977

(1974).  A "court shall accord substantial weight to an affidavit of an agency concerning the

agency's determination as to [exempted material under] subsection (b)," 5 U.S.C. § 552(a)(4)(B),

and such affidavits or declarations are accorded "a presumption of good faith."  *Long v. U.S.

Dep't of Justice*, 450 F. Supp. 2d 42, 54 (D.D.C. 2006) (citation and internal quotation marks

omitted).  Here, the plaintiff challenges the defendant's invocation of FOIA exemptions 3 and

7(C) to justify its withholding of responsive records.

### B.  The Defendant Properly Invoked FOIA Exemption 3

Exemption 3 covers records that are "specifically exempted from disclosure by statute . . .

provided that such statute either '(A) [requires withholding] in such a manner as to leave no

discretion on the issue,' or '(B) establishes particular criteria for withholding or refers to

particular types of matters to be withheld.'"  5 U.S.C. § 552(b)(3); *see also Senate of the

Commonwealth of  Puerto Rico v. U. S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987).

The Federal Rules of Criminal Procedure prohibit disclosure of "matters occurring before [a]

grand jury."  FED. R. CRIM. P. 6(e)(2); *see In re: Motions of Dow Jones & Co., Inc.*, 142 F.3d

496, 498-501 (D.C. Cir. 1998).  Rule 6(e) qualifies as a statute because it was affirmatively

enacted by Congress.  *Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d

4

856, 867 (D.C. Cir. 1981)

While acknowledging the existence of a "grand jury exception" to the general disclosure requirements of the FOIA, this Circuit has limited the exception to material, which, if disclosed, would "tend to reveal some secret aspect of the grand jury's investigation, such matters as the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *Senate of the Commonwealth of Puerto Rico*, 823 F.2d at 582 (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980) (en banc)).  Clearly, transcripts of grand jury testimony and grand jury exhibits fall within the foregoing categories of protected information.  *See Fund for Constitutional Gov't,* 656 F.2d at 869 (listing, among other information "falling within the broad reach of grand jury secrecy," grand jury testimony, witness names and "documents subpoenaed as exhibits").

The plaintiff argues that he is entitled to the grand jury material, or that at least the court should conduct an *in camera* review of the material, because the information has allegedly entered the public domain via testimony at his criminal trial.  Mot. in Response to Def.'s Mot. for Summ. J. ("Pl.'s Opp'n") at 4.[1]  While the government may not rely on a FOIA exemption to

---

[1]      The plaintiff requests that the court conduct an *in camera* review to determine whether the material is "truly exempted" and whether "the exempted material can be used to impeach a grand jury witness."  Pl.'s Opp'n at 4.   But "[t]he relevant inquiry is not whether the party seeking the information has an interest other than in its role in a grand jury investigation but whether revelation [of the requested material] . . . would in fact reveal what was before the grand jury."  *Fund for Constitutional Gov't*, 656 F.2d at 870 (citation omitted).  Besides, *in camera* review is not necessary when, as here, "the agency affidavits are []sufficiently detailed to permit meaningful review [and adversarial testing] of exemption claims."  *Spirko v. U.S. Postal Serv.*, 147 F.3d 992, 997 (D.C. Cir. 1998) (citation and internal quotation marks omitted).

withhold information that has been "officially acknowledged" or is in the "public domain,"

*Afshar v. Dep't of Justice*, 702 F.2d 1125, 1130-34 (D.C. Cir. 1983), the plaintiff has the initial

burden of showing prior disclosure by "point[ing] to 'specific' [publicly disclosed] information

identical to that being withheld," *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1279 (D.C. Cir.

1992) (quoting *Afshar,* 702 F.2d at 1130); *accord Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir.

1999).  In *Cottone*, the court required disclosure only of specifically identified audio tapes

introduced as evidence during a criminal trial and played in open court.  It affirmed the

withholding of audio tapes obtained during pretrial discovery but never played in open court or

placed in the public record.  *Cottone*, 193 F.3d at 555.

The plaintiff claims to attach to his opposition "a copy of the grand jury testimony in his

criminal case," Pl.'s Opp'n at 4, which in fact are introductory portions of transcripts of

testimony given by seven different individuals during grand jury proceedings in Superior Court,

none of whom was Andre Wright.  To the extent that the plaintiff's request for grand jury

transcripts is interpreted as seeking only Wright's grand jury testimony, his evidence containing

information that was not requested is irrelevant to the FOIA analysis.  To the extent that the

request may be interpreted broadly to include the grand jury testimony of other individuals, the

plaintiff has provided no evidence that those grand jury witnesses testified in open court or that

the brief portions of grand jury testimony proffered here mirror testimony given in open court.[2]

Simply put, the plaintiff's evidence is wholly insufficient for the court to be "confident that the

---

[2] "[T]he information requested must already have been made public through an official and documented disclosure," not an "unofficial disclosure[]." *Fitzgibbon v. C.I.A.*, 911 F.2d 755, 765 (D.C. Cir. 1990) (citing *Afshar*, 702 F.2d at 1133) (other citations omitted).

information sought is truly public . . . ."  *Cottone*, 193 F.3d at 555; *see Davis*, 968 F.2d at 1280

(noting that "to obtain portions of tapes alleged to be in the public domain, [the plaintiff] has the

burden of showing that there is a permanent public record of the exact portions he wishes").

When, as here, documents are withheld in their entirety, the court is required to take the

additional step of considering whether nonexempt information could have been segregated from

exempt information and released.  *See Trans-Pacific Policing Agreement v. U.S. Customs Serv.*,

177 F.3d 1022, 1027 (D.C. Cir. 1999).  The defendant provides the declaration of Karen

Finnegan,[3] which states that "[t]he documents withheld in their entireties contained no

meaningful portions that could be released without destroying the integrity of the document or

without revealing the substance of grand jury matters."[4]  Finnegan Decl. ¶ 25.  Finnegan's

declaration provides a sufficient description of the documents and a sufficient explanation of the

basis for withholding the documents under exemption 3.  *See Military Audit Project*, 656 F.2d at

738 (summary judgment appropriate when declaration describes "the justifications for

nondisclosure with reasonably specific detail"); *Oglesby v. U.S. Dep't of Justice*, 79 F.3d 1172,

---

[3]   Karen Finnegan is an Attorney Advisor responsible for "reviewing [FOIA] requests for records sought from EOUSA [and] searches performed in response to [such] requests," Finnegan Decl. ¶ 4, and "making final disclosure determinations," *id.* ¶ 3.

[4]   Finnegan's declaration is based on her "review of EOUSA's official files and records, my own personal knowledge, and the information I acquired in performing my official duties."  Finnegan Decl. ¶ 5.  "A declarant in a FOIA case satisfies the personal knowledge requirement in Rule 56(e) if in [her] declaration, [she] attests to [her] personal knowledge of the procedures used in handling [a FOIA ] request and [her] familiarity with the documents in question."  *Barnard v. Dep't of Homeland Sec.*, 531 F. Supp. 2d 131, 138 (D.D.C. 2008) (citations and internal quotation marks omitted).  *See SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir.1991) (*citing Meeropol v. Meese*, 790 F.2d 942, 951 (D.C. Cir.1986)) (determining that the person in charge of a search is "the most appropriate person to provide a comprehensive affidavit").

1178 (D.C. Cir. 1996) (concluding that an affidavit that "contains sufficient detail to forge the logical connection between the information [withheld] and the claimed exemption" is accorded "substantial weight") (citation and internal quotation marks omitted) (brackets in original).

Because grand jury transcripts typically contain "'exempt and nonexempt information [so] 'inextricably intertwined' [] that the excision of exempt information would . . . produce an edited document with little informational value,'" *Mays v. DEA*, 234 F.3d 1324, 1327 (D.C. Cir. 2000) (quoting *Neufeld v. IRS*, 646 F.2d 661, 666 (D.C. Cir. 1981)), courts have affirmed the withholding of grand jury transcripts in their entirety, *see Dipietro v. Executive Office for U.S. Attorneys*, 357 F. Supp.2d 177, 183 (D.D.C. 2004) (approving the withholding of grand jury transcripts in their entirety); *Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 554 (6th Cir. 2001) (remanding for segregability determination "excluding the 821 pages of grand jury materials withheld pursuant to Rule 6(e)); *Church of Scientology Int'l v. U.S. Dep't of Justice*, 30 F.3d 224, 235 (1st Cir. 1994) ("[grand jury] documents . . . whose contents are testimonial in nature . . . ordinarily may be withheld simply on the basis of their status").  Accordingly, because nothing in the record supports a departure from this practice here, the requested documents were appropriately withheld under exemption 3.

### C.  The Defendant Properly Invoked FOIA Exemption 7(C)

Exemption 7(C) of the FOIA protects from mandatory disclosure records compiled for law enforcement purposes to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 522(b)(7)(C).  In determining whether this exemption applies to particular material, the court must balance the interest in privacy of the individual mentioned in the record against the public's interest in disclosure.  *See Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993); *Stern v. FBI*, 737 F.2d 84, 91 (D.C. Cir. 1984).  Because it is the "interest of the general public, and not that of the

private litigant," that the court considers in this analysis, *Brown v. FBI*, 658 F.2d 71, 75 (2d Cir. 1981) (citing *Ditlow v. Shultz*, 517 F.2d 166, 171-72 (D.C. Cir. 1975)), "the only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to,'" *Davis*, 968 F.2d at 1282  (quoting *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989)).  Thus, to overcome the strong privacy interests at stake, the plaintiff must produce "probative [evidence] of an agency's [mis]behavior[,]" *SafeCard Servs., Inc., v. SEC*, 926 F.2d 1197, 1205 (D.C. Cir. 1991), and show that the requested material "is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity," *id*. at 1206.  In making such a showing, the plaintiff must assert "more than a bare suspicion" of official  misconduct.  *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004).

In response to the defendant's application of exemption 7(C) to Wright's statement, the plaintiff appears to argue that no privacy interests are at stake because "basic facts identifying and describing generally investigation and arrest become matters of public concern."  Pl.'s Opp'n at 5.  Although the plaintiff lists "age, address, marital status [and] employment status" as information that enters the public domain upon one's arrest or indictment, *id*., he does not connect the information to any particular individual or event.  The plaintiff, therefore, has presented no facts to credibly refute the defendant's proper claim of a third-party privacy interest. *See SafeCard Servs., Inc.,* 926 F.2d at 1205 (privacy interest of third parties mentioned in law enforcement files is "substantial").  The plaintiff concludes that "all information that can establish a miscarriage of justice outweighs third party interest," *id*., but he has not provided any supporting facts.  In the absence of any "evidence that would warrant a belief by a reasonable person that [official misconduct] might have occurred," the balancing requirement of exemption 7(C) is not triggered.  *Favish*, 541 U.S. at 175.

## IV.  CONCLUSION

For the foregoing reasons, the court concludes that the plaintiff has presented no genuine issue of material fact on the defendant's proper withholding of responsive records and that the defendant, having satisfied its disclosure obligations under the FOIA, is entitled to judgment as a matter of law.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 24th day of November 2008.

RICARDO M. URBINA
United States District Judge
